United States District Court
for the
Southern District of Florida

| Gregory Haskin Chiropractic Clinics, Inc., | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 18-63160-Civ-Scola |
| | ) | |
| State Farm Mutual Automobile Insurance Company, Defendant. | ) | |

### Order on Motion to Dismiss

This matter is before the Court upon the Defendant's Motion to Dismiss, or alternatively, Motion to Stay. (ECF No. 23.) The Plaintiff filed a response (ECF No. 26) and the Defendant timely replied (ECF No. 29.) Upon review of the record, the relevant caselaw, and the parties' submissions, the Court **grants** the Plaintiff's motion. (**ECF Nos. 23**.)

### I. Background

Plaintiff Gregory Haskin Chiropractic Clinics, Inc. filed its Amended Class Action Complaint against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") for declaratory judgment, injunctive relief, and breach of contract. (ECF No. 16.) The Plaintiff's allegations center around the Defendant's improper application of the Plaintiff's deductible to its medical bills under Florida's no-fault personal injury protection ("PIP") statute, Fla. Stat. § 627.736. On December 28, 2018, the Florida Supreme Court clarified Florida law regarding the issue of the proper timing for an insurer to apply an insured's deductible to medical bills for PIP benefits. *See Progressive Select Ins. C. v. Fla. Hosp. Medical Cntr.,* 2018 WL 6816810 (Fla. Dec. 28, 2018). *Florida Hospital* held that when calculating the amount of PIP benefits due, the insured's deductible is to be subtracted from the total medical charges *before* applying the statutory reimbursement limits in the PIP statute. (ECF No. 16 at ¶53.) Plaintiff's complaint alleges that the Defendant has been misapplying the deductible and under-paying its insureds, including Plaintiff and all those similarly situated.

Also relevant to this Court's order is a lawsuit pending in the Eleventh Judicial Circuit Court for Miami-Dade County. On October 23, 2014, Progressive Health Services, Inc. filed its Amended Class Action Complaint against Defendant State Farm Mutual Automobile Insurance Company seeking declaratory relief and damages for breach of contract. (ECF No. 23-2.) The

Plaintiff in the state court complaint and in this action seek the same declaratory relief regarding the Defendant's PIP reimbursement practices. The two complaints also seek contract damages based on State Farm's under-payment of no-fault benefits under Florida law. There is currently a motion for class certification pending in the state court action. *Progressive Health Servs. Inc. v. State Farm Mutual Auto Ins. Co.*, Case No. 2011-010334-CA-01, Dkt. #13 (11th Jud. Cir. Fla. April 4, 2019).

The Defendant now moves to dismiss the complaint on three separate grounds: (1) the Court lacks subject matter jurisdiction because the Plaintiff failed to allege the jurisdictional amount in controversy required by the Class Action Fairness Act; (2) the equitable claims should be dismissed because the Plaintiff has an adequate remedy at law; or alternatively (3) the case should be stayed pending the outcome of a related state court case. (ECF No. 23 at 6-11.) Because the Court finds that it should decline to exercise jurisdiction over this case, it will address the Defendant's last argument only.

## II.     Analysis

The Defendant argues that this case should be dismissed or stayed under *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328 (11th Cir. 2005). Under *Ameritas*, the Eleventh Circuit held that a federal court should decline to hear a declaratory judgment action where "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Id.* at 1330. Because the state court action will determine the same legal issues against the same defendant, State Farm believes this case should be stayed or dismissed pending the outcome of the state court case. The Defendant also argues that this case should be stayed or dismissed under *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800 (1976). While the Plaintiff "concedes that the prior pending state court class action seeks virtually the same[1] relief against State Farm," the Plaintiff argues that this case should not be stayed under *Colorado River* because the "state court action is in its infancy." (ECF No. 26 at 13.) The Plaintiff does not address *Ameritas* and neither party

---

[1] The Court notes that although the parties *agree* on the fact that the state court action is a "parallel" proceeding, the parties are not perfectly parallel. The two plaintiffs are distinct. The Court finds, however, that the parties do not have to be perfectly identical for the district court to exercise its discretion to stay the case. *See Mid-Century Casualty Company v. Gozzo Dev. Corp.*, No. 17-80362, 2017 WL 3578846, at *5 (S.D. Fla. July 19, 2017) (Middlebrooks, J.) ("Indeed, nothing in the Declaratory Judgment Act suggests that a district court's discretionary authority exists only when a pending state proceeding shares substantially the same parties and issues.").

bothers to explain which test should apply, *Ameritas* or *Colorado River*, and the relationship between the two, if any.

In *Ameritas,* the Eleventh Circuit explained that the "Declaratory Judgment Act is an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant. It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." 411 F.3d at 1330 (internal citations and quotations omitted). Following the Supreme Court's decisions in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 494 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), the Eleventh Circuit held that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit" where there is a parallel suit pending in state court. *Id.* The Eleventh Circuit put forth a nine-part test "to aid district courts in balancing state and federal interests." *Id.* at 1331. Under this test, the district court should consider:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.*

*Ameritas* applies specifically to declaratory judgment suits. On the other hand, for lawsuits involving monetary damages, the *Colorado River* abstention

doctrine is used to determine if a federal court should dismiss or stay an action in favor of a parallel state case. Under *Colorado River,* the district court should only abstain under "exceptional circumstances." *Moore v. Demopolis Waterworks and Sewer Bd.,* 374 F.3d 994, 997 (11th Cir. 2004). *Colorado River* is an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813. Under *Colorado River,* the district court must consider six factors:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights

*Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1331 (11th Cir. 2004).

Here, the Plaintiff's complaint includes a count for declaratory judgment and a count for breach of contract. Therefore, the Court must first determine whether to apply *Ameritas* or *Colorado River*. As explained in *Lexington Ins. Co. v. Rolison*, there appear to be three tests to determine which abstention doctrine to apply. 434 F. Supp. 2d 1228, 1236 (S.D. Ala. 2006). One approach is to find that the *Ameritas* test applies "whenever an action includes both declaratory and non-frivolous coercive claims." *Id.* (citing *Kelly Investment, Inc. v. Continental Common Corp.,* 315 F.3d 494, 496 n.5 (5th Cir. 2003)). "A second is to proclaim the exercise of jurisdiction is mandatory (subject only to *Colorado River* constraints) if the coercive claims can exist independently of requests for declaratory relief, such that they could persist and survive even if the declaratory claims vanished. *Id.* And the third option is to "look to the heart of the action" to determine which standard to apply. *Id.* Under the third test, "if the outcome of the coercive claims hinges on the outcome of the declaratory ones, [*Ameritas*] governs; conversely, if the opposite applies, *Colorado River's* standard controls." *Id.* at 1237.

Although the Eleventh Circuit has not spoken on this subject, the Court will follow the other decisions in this district in adopting the "heart of the matter" test. *See W. Coast Life Ins. Co v. Ruth Secaul 2007-1 Ins. Trust,* No. 09-81049, 2010 WL 11506019, at *4 (S.D. Fla. May 14, 2010) (Dimitrouleas, J.); *Lexington Ins. Co. v. Rolison,* 434 F. Supp. 2d at 1237. This test provides a more flexible approach which allows "district courts to treat different cases differently based on the fundamental character of a particular action." *Lexington,* 434 F. Supp. 2d at 1237-38. Here, the Plaintiff's breach of contract claim does not raise any distinct factual or legal issues and requires the same analysis as the declaratory

judgment claim. The declaratory judgment claim asks for a declaration regarding State Farm's allegedly improper application of the PIP statute to calculate reimbursements. The Court's decision on the declaratory judgment count will determine if the Plaintiff is entitled to damages under the breach of contract count. For example, if the Court holds that State Farm was improperly applying the PIP statute, then the Plaintiff is entitled to damages for under-payment of benefits. On the other hand, if the Court holds that State Farm correctly applied the PIP statute, the Plaintiff is not entitled to damages under its breach of contract theory. Accordingly, this is, at its core, a declaratory judgment action and *Ameritas* applies.

Upon application of the *Ameritas* factors to this case, the Court finds that the factors weigh in favor of abstention.[2] The first factor concerns the strength of the state's interest in having the issues raised in the federal declaratory action decided in state court. *Ameritas*, 411 F.3d at 1331. The Florida state courts have a substantial interest in deciding how insurance companies should apply Florida statutes regarding reimbursements and deductibles to the claims of Florida residents. This factor points towards abstention.

The second factor looks to whether the judgment in the federal action would settle the controversy. *Id.* A decision in this case would not. This is one of many lawsuits in which a provider or insured seeks a declaration of its right under Florida's PIP statute. A ruling in this action adverse to the Plaintiff would not moot the issue in the state court lawsuit. Indeed, if both lawsuits are allowed to proceed there is the possibility of inconsistent verdicts on the same issue against the same defendant. Therefore, this factor also favors abstention.

The third factor asks whether the federal action would serve a useful purpose in clarifying the legal relations at issue. *Id.* Although a decision by the Court in this case would indeed clarify the legal relations of the parties, it could, as discussed above, lead to inconsistent verdicts if allowed to proceed. This factor weighs weakly in favor of abstention.

The fourth factor considers whether the declaratory remedy is being used as a race for res judicata or to achieve a federal hearing in a case otherwise not removable. *Id.* The Defendants argue that "there is no reason for Plaintiff to maintain this suit . . . unless the Plaintiff is trying use the declaratory remedy

---

[2] The Plaintiff does not present any arguments in opposition to the application of the *Ameritas* factors. Instead, the Plaintiff argues that abstention should be declined under *Colorado River.*

for purpose of beating the prior class action" pending in state court. (ECF No. 2 at 17.) The Court agrees and finds this factor weighs in favor of abstention.[3]

The fifth factor looks at whether the use of a declaratory action would increase the friction between the federal and state courts and improperly encroach on state jurisdiction. *Ameritas,* 411 F.3d at 1331. The Court finds that it would. This case creates the "potential for friction inherent in having double-tracked, near-identical litigation pending in both federal and state courts, such that the first court's ruling on a particular issue may have res judicata effect on the second court's ability to hear and decide the same issue, even if the second court disagrees with the first court's determinations." *Lexington,* 434 F. Supp. 2d at 1241.

The sixth factor considers whether there is an alternative remedy that is better or more effective. *Ameritas,* 411 F.3d at 1331. There is nothing to suggest that the state court remedy is "better" or "more effective" as both forums could address the declaratory judgment issues before the Court. However, the state court is more appropriately suited to handle the purely state law issues presented by the Plaintiff's case. Therefore, this factor weighs weakly in favor of abstention.

Factors seven and eight are whether the underlying factual issues are important to an informed resolution of the case and whether the state trial court is in a better position to evaluate those factual issues than is the federal court. *Id.* The issues in this case involve the interpretation of a Florida statute and an insurance contract under Florida law. Again, a state court is better situated to analyze these Florida law issues than a federal court. These factors also weigh in favor of abstention.

The last *Ameritas* factor asks whether there is a close nexus between the underlying factual and legal issues and state law or whether the federal common or statutory law dictates resolution of the issues. *Id.* "This factor unambiguously weighs in favor of abstention." *Lexington,* 434 F. Supp. 2d at 1242. The Plaintiff's complaint raises exclusively Florida law issues related to the interpretation of the Florida PIP statute and the interpretation of an insurance contract under state law.

After weighing each of the *Ameritas* factors, the Court concludes that it should decline to exercise jurisdiction over the Plaintiff's claims and stay this case in favor of the state court case.

---

[3] The state court case was initially removed and then remanded in 2011. (ECF No. 23 at 6.)

### III. Conclusion

Based on the foregoing, the Court **grants** the Defendant's motion to stay. (**ECF No. 23**.) This case is hereby **stayed** until the conclusion of the parallel state court proceeding. The parties shall provide the Court with a status report of the state court case every 90 days from the date of this Order.

The Clerk is directed to **administratively close** this case.

**Done and ordered**, at Miami, Florida, on June 7, 2019.

_____
Robert N. Scola, Jr.
United States District Judge